Feoessel, J.
We disagree with the Appellate Division that the appellant as agent for the landlord may not obtain a rent increase on the ground that the rental income from the property yields a net annual return of less than 6% of the valuation of the property (State Residential Rent Law [L. 1946, ch. 274, as amd.], § 4, subd. 4, par. [a], cl. [1]; State Rent and Eviction Regulations, § 33, subd. 5). The fact that the property is being operated under a lease by which the owner derives from its lessee greater than a 6% return is not material.
It is undisputed that the property itself — to which the statute refers — is earning less than such percentage. The statute contemplates that tenants will be required to pay a reasonable rent. It does not intend them to benefit from an advantageous arrangement which the owner makes with a lessee (Matter of Wile v. McGoldrick, 286 App. Div. 826, motion for leave to appeal denied 309 N. Y. 1033). We find no statutory requirement that an applicant for a rent increase must have invested capital in the property, nor do we think there is any warrant for reading such a requirement into the statute.
Placing the statute in its proper perspective, it is clear that the Rent Administrator properly used the bona fide sale price as a basis for valuation, notwithstanding that the lessee was not a party to such sale. In mandating the use of bona fide sale price, the Legislature was not concerned with questions of investment, but simply recognized that such price provided “ a more accurate reflection of value” (L. 1957, ch. 755; N. Y. Legis. Annual, 1957, p. 264). Nor does the existence of the cancelable lease here constitute a “ special circumstance ” under the statute which would require the Rent Administrator to disregard the sale price.
With regard to the question of essential services, the Rent Administrator determined in accordance with the applicable statute (State Residential Rent Law, § 4, subd. 4, par. [d]) that the landlord was maintaining essential services “as of the date of the issuance of the order adjusting the maximum rent ”, and granted an increase effective as of the date of the local administrator’s erroneous order (Matter of Neulist v. Weaver, 2 N Y 2d 889). While he no doubt has discretion to deny retroactivity in a case where services were seriously deficient, this was not such a case, as his findings indicate.
*288 In the landlord’s proceeding, the court, on its own motion, dismisses the landlord’s appeal upon the ground that it may not be taken as of right. We treat its application, however, as a motion for leave to appeal, as requested by the landlord, and, as so treated, deny the motion.
The order appealed from in the tenants’ proceeding should be reversed, without costs, and the order of Special Term reinstated. The appeal by the landlord as of right in its proceeding should be dismissed. Treating the landlord’s application as a motion for leave to appeal, the motion should be denied, without costs. (See 6 N Y 2d 707, 885.)